IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

NANCY L. NEWMAN,

            Plaintiff,

v.                                              CIVIL ACTION NO. 5:06-cv-00955

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

            Defendant.

**MEMORANDUM OPINION**

Pending before the Court are Plaintiff's Motion for Judgment on the Pleadings [Docket 18], Defendant's Motion for Judgment on the Pleadings [Docket 26], the Proposed Findings and Recommendation (PF&R) [Docket 27] of Magistrate Judge R. Clarke VanDervort, and Plaintiff's Objections [Docket 32] thereto.

This action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this court of a PF&R, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort filed his PF&R on February 29, 2008, recommending that the court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner of Social Security (Commissioner), and dismiss this action from the court's docket. Plaintiff twice moved the Court for an extension of time

---

[1] On February 12, 2007, Michael J. Astrue succeeded the original defendant in this action, Jo Anne B. Barnhart, as the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Commissioner Astrue is "automatically substituted as a party."

to file her objections to the PF&R, and the Court granted both motions, setting the final deadline for objections on April 17, 2008. Plaintiff timely filed her objections on that date, and Defendant timely filed his Response [Docket 34] on April 22, 2008. Thereafter, Plaintiff filed a Reply [Docket 35], Defendant filed a Motion for Leave to File a Surresponse [Docket 36], Plaintiff filed a Motion for Leave to File a Surreply [Docket 37], and Defendant filed a Motion to Close the Pleadings [Docket 38]. The Motions for Leave [Dockets 36 and 37] and Motion to Close the Pleadings [Docket 38] are **GRANTED**. The briefing is complete and the matter is now ripe for the Court's consideration.

*I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The full factual background and procedural history is set forth in the PF&R. Relevant to the Court's consideration, Plaintiff was born on December 29, 1954, and was fifty years old at the time of her final hearing before the administrative law judge (ALJ). She has a Generalized Equivalency Diploma (GED) and has experience working as a telemarketer and cashier. Plaintiff initially filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on March 9, 2000. In her application, Plaintiff claimed a disability based on chronic back and neck pain that causes radicular problems in her arms and hands. After numerous supplemental applications and hearings before an ALJ, Plaintiff's claim was denied when the Commissioner's decision became final on September 15, 2006. Plaintiff subsequently filed the instant action seeking judicial review pursuant to 42 U.S.C. § 405(g) on November 9, 2006.

*II. STANDARD OF REVIEW*

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind

2

might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. ANALYSIS

The Social Security Regulations set forth a sequential evaluation for both SSI and DIB claims. 20 C.F.R. §§ 404.1520, 416.920. If a claimant is found not to be disabled at any step of the evaluation, benefits are denied and further evaluation is unnecessary. *Id.* The first inquiry is whether the claimant is currently engaged in substantial gainful employment. *Id.* If the claimant is not, the ALJ must determine whether the claimant suffers from a severe impairment. *Id.* If the ALJ finds an impairment, the ALJ must determine whether it meets or equals any of the impairments

listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* If the impairment meets or equals any of those listed impairments, the claimant is found to be disabled and awarded benefits; however, if the impairment does not, the ALJ must proceed to the fourth step of the evaluation: whether the impairment prevents the performance of past relevant work. *Id.* Finally, if the claimant establishes that the impairment prevents the performance of past relevant work, the burden shifts to the Commissioner to show that the claimant, in consideration of his or her physical and mental capacities, age, education, and prior work experience, is able to engage in other forms of substantial gainful employment and that such employment exists in the national economy. *Id.*

In Plaintiff's objections, she challenges Magistrate Judge VanDervort's PF&R on four grounds: 1) the ALJ's determination of Plaintiff's severe impairments was not supported by substantial evidence; 2) the ALJ's finding that Plaintiff's somatoform and personality disorders did not meet the "B" criteria for listings 12.07 and 12.08 was not supported by substantial evidence; 3) the ALJ's evaluation of Plaintiff's Residual Functional Capacity (RFC) was not supported by substantial evidence; and 4) the ALJ's determination that Plaintiff could perform her past relevant work as a cashier and telemarketer was not supported by substantial evidence. The Court addresses each objection in turn.[2]

---

[2] In Defendant's response to Plaintiff's objections, Defendant contends that the objections "repeat, almost verbatim, the precise issues previously raised" in Plaintiff's motion for judgment on the pleadings, (Docket 34 at 1), and therefore do not merit de novo review by this Court. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) ("Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'") (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991)); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (De novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). The Court notes that Defendant is correct in pointing out that Plaintiff in large part re-formatted her Memorandum
(continued...)

### A. *Severe Impairments*

The ALJ determined that Plaintiff satisfied the first criteria because she had not engaged in substantial gainful employment since the alleged onset date of her disability. The ALJ then found that Plaintiff suffered from the following severe impairments: diabetes mellitus, osteoporosis, cervical spine syndrome, lumbar spine syndrome, carpal tunnel syndrome, right shoulder syndrome, left knee syndrome, fibromyalgia, a visual impairment, and a combination of mental disorders including depression, anxiety, personality disorder, and somatoform disorder. Magistrate Judge VanDervort determined that the ALJ's listing of severe impairments was supported by substantial evidence; however, Plaintiff challenges that determination on several levels.[3]

First, Plaintiff takes issue with the PF&R's assessment that Plaintiff's "additional impairments," which include suprascapular neuritis, glenohumeral joint arthropathy, glaucoma, senile cataracts, keratitis sicca, tendonopathy, peridendinitis of the right rotator cuff, and a number of diagnosed mental disorders, "were subsumed within the more general impairment . . . and[,] therefore, were included as severe impairments." (Docket 27 at 10.) Specifically, Plaintiff posits that "the word 'syndrome' does not clarify the nature of [each] specific functional impairment."

---

[2](...continued)
in Support of Plaintiff's Motion for Judgment on the Pleadings [Docket 21] as her Objections [Docket 32]. Although Plaintiff may well have been better served by drafting and submitting a new brief setting forth more specific objections, the Court will nevertheless review the objections as filed.

[3] Plaintiff hints at a disagreement with the PF&R's determination that the ALJ's listing of impairments included Plaintiff's applications for both SSI and DIB. Although it is true that DIB benefits may be awarded only prior to the date last insured and that SSI benefits may be awarded after an applicant is found disabled and has an SSI application on file, *see Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005), severe impairments are defined identically when evaluating both types of claims. *Compare* 20 C.F.R. § 404.1520(c) *with* § 416.920(c). Thus, if Plaintiff is found not to be disabled at any time, the alleged onset date of her impairments becomes irrelevant.

(Docket 32 at 3.) Although it is true that the ALJ did not articulate with great specificity the nature of each "syndrome" that was found to be a severe impairment, "[c]ombining similar impairments when making a severity determination, is . . . proper under the regulations, and has caused the plaintiff no prejudice." *Boling v. Astrue*, Civ. Action No. 2:06-01055, 2008 WL 582976, at *2 (S.D. W. Va. Feb. 29, 2008) (Faber, J.) (citing 20 C.F.R. § 404.1520(c)). Accordingly, the ALJ acted properly in considering the above-listed impairments under the more general list of "syndromes" contained in the final listing.

Plaintiff next disagrees with the PF&R's finding that the ALJ properly considered a number of additional impairments. Specifically, Plaintiff takes issue with the ALJ's determination that the following impairments were not severe: "suprascapular neuritis secondary to degenerative disc disease, bilateral shoulder pain, degenerative disc disease of the entire spine, cervical, thoracic and lumbar facet joint arthropathy, foraminal encroachment of the cervical spine with cervicogenic headaches, fibromyalgia, right shoulder symptoms, myofascial pain disorders affecting not only [Plaintiff's] neck, shoulders, arm and back but also her hips, both knees, feet and ankles, sacroiliac joint dysfunction, generalized osteoarthritis, cyclic/long term neutropina, tendonopathy and peritendinitis of the right rotator cuff, glenohumeral joint arthropathy." (Docket 32 at 3-4.) In the PF&R, the magistrate judge found that those impairments were subsumed within the general listing of impairments on page 3 of the ALJ's decision. (Docket 27 at 10; Tr. at 25.) A careful review of the ALJ's decision, as the magistrate judge correctly noted, reveals that each of the above-listed

impairments was considered within the more general listing of impairments.[4]  (Docket 27 at 10; Tr. at 25.)

Plaintiff further contests the ALJ's finding that Plaintiff's "suprascapular neuritis, secondary to the degenerative disc disease of the entire spine, [and] glenohumeral joint arthropathy" were not severe impairments until after the date last insured.  (Docket 32 at 4.)  Judge VanDervort found these impairments "either were considered specifically by the ALJ in his decision, were symptoms of the impairments addressed by the ALJ, or were not determined to be severe impairments."  (Docket 27 at 12.)  Plaintiff merely states that she "disagrees with this finding," (Docket 32 at 4), however, she neither provides evidence to the contrary nor cites any law in support of her contention.  To the extent that her disagreement with the finding constitutes an adequate objection, the Court has reviewed the PF&R and the transcript and agrees with the magistrate judge.  Specifically, as Magistrate Judge VanDervort correctly noted, the ALJ found that Plaintiff's "suprascapular neuritis secondary to degenerative disc disease of the cervical spine, which contributes to [Plaintiff's] cervical spine syndrome[, and Plaintiff's] glenohumeral joint arthropathy, which constitutes a severe

---

[4]  Plaintiff persists that this finding "does not account for [Plaintiff's] medical diagnoses of degenerative disc disease of the entire spine, nor does it account for [Plaintiff's] thoracic facet joint artropathy, lumbar radiculopathy or foraminal encroachment of the cervical spine, cervicogenic headaches, [and] myofascial pain . . . ."  (Docket 32 at 4.)  Plaintiff, however, fails to direct the Court to any portion of the 1145-page transcript where these diagnoses may be found or were allegedly not accounted for.  Upon review of the relevant portions of the transcript, the Court notes that the alleged diagnoses of degenerative disc disease, lumbar radiculopathy or foraminal encroachment of the cervical spine and cervicogenic headaches were likely subsumed into the generalized severe impairments of lumbar spine syndrome and cervical spine syndrome.  (*See* Tr. at 25.)  Likewise, the myofascial pain was likely subsumed as well in the generalized severe impairments of lumbar spine syndrome, cervical spine syndrome, right shoulder syndrome, and left knee syndrome.  (*Id.*)

[] shoulder impairment" were severe impairments. (Tr. at 40.) Thus, the Court agrees with the magistrate judge that the ALJ properly considered the above-listed impairments.

Plaintiff also states that she disagrees with the magistrate judge's finding that the ALJ inadvertently excluded Plaintiff's myofascial pain disorder from his listing of impairments. Again, Plaintiff cites to no specific portion of the ALJ's findings and rather baldly asserts that "[r]eview of the ALJ's formal severe impairment findings supports [Plaintiff's] argument." (Docket 32 at 4.) To the contrary, Magistrate Judge VanDervort correctly pointed out in the PF&R that the ALJ properly considered Plaintiff's myofascial pain disorder at steps two and three of the analysis, on pages 28 and 41 of the transcript. (Docket 27 at 12.) Accordingly, the Court agrees with the magistrate judge's findings on this issue.

Next, Plaintiff states that the ALJ failed to address her fibromyalgia, myofascial disorder, or osteoarthritis in the listing of impairments.[5] To the extent that this statement may be deemed an objection to the PF&R, the Court has reviewed the transcript and agrees with the magistrate judge that the ALJ adequately discussed those impairments and appropriately recorded those discussions in the record. (*See* Docket 27 at 13; Tr. at 26-34.)

Finally, Plaintiff takes issue with the magistrate judge's finding that the ALJ properly determined that Plaintiff's cyclic neutropina was not a severe impairment. (Docket 32 at 8.) In support of her contention, Plaintiff states that the ALJ did not account for the fact that the neutropina prevented her from being treated with non-steroidal medications for her other impairments. (*Id.*)

---

[5] In this section of her brief, which is lifted verbatim from her memorandum in support of her motion for judgment on the pleadings, Plaintiff fails to mention the PF&R or any finding of the magistrate judge. Because she fails to direct the Court to a specific finding of the magistrate judge upon which her objection is based, she waives her right to de novo review on this issue. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In the PF&R, however, Magistrate Judge VanDervort noted that the ALJ properly evaluated Plaintiff's cyclic neutropina and further determined that Plaintiff presented no evidence to show that the use of those alternate medications were ineffective or disabling when used to treat her condition and accordingly found that the ALJ's determination was supported by substantial evidence. (Docket 27 at 13-24; Tr. at 26.) Upon review of the PF&R and the transcript, the Court agrees with Magistrate Judge VanDervort's assessment.

Based on the foregoing, the Court **FINDS** that the ALJ's determination of Plaintiff's severe impairments is supported by substantial evidence and **OVERRULES** Plaintiff's objection on this issue.

*B.     "B" Criteria*

Plaintiff contends that the ALJ improperly assessed her listing of impairments under Section 12.07 (Somatoform Disorders) and Section 12.08 (Personality Disorders). Under those sections, the ALJ must determine that a claimant exhibits at least two of the following limitations before the impairment may be considered severe: "1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence or pace; or 4. Repeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.07-12.08. Upon review of the ALJ's decision, the magistrate judge determined that, because the ALJ properly found that Plaintiff did not meet any of the first three criteria, he was not required to evaluate the fourth.

Plaintiff primarily disputes the magistrate judge's review of the ALJ's decision. Particularly, Plaintiff contends that Magistrate Judge VanDervort "has taken it upon himself to determine whether the evidence establishes the 'B' criteria rather than to make a finding as to the adequacy of the ALJ's

9

findings." (Docket 32 at 17.) In support of her objection, Plaintiff cites *Thomas v. Celebreeze*, 331 F.2d 541 (4th Cir. 1964), for the proposition that the "resolution of conflicts in the evidence is a function of the Commissioner and not the Courts." (Docket 32 at 17, citing *Thomas*, 331 F.2d 541.) Here, the magistrate judge did not attempt to resolve any conflicts in the evidence nor did he take it upon himself to reevaluate the evidence presented to the ALJ. Rather, he thoroughly examined the evidence relied on by the ALJ under each of the first three criteria. (*See* Docket 27 at 16-19.) Under each criterion, the magistrate judge analyzed each piece of evidence before the ALJ and found that each determination of mild or moderate limitation was supported by substantial evidence. Again, upon review of the PF&R and of the evidence in the record, the Court agrees with the magistrate judge that the ALJ's determination that Plaintiff did not meet the "B" criteria is supported by substantial evidence. Accordingly, after finding that Plaintiff did not meet any of the first three "B" criteria, the ALJ was not required to analyze the fourth criterion.

For the reasons stated above, the Court **FINDS** that the ALJ's determination of the "B" Criteria is supported by substantial evidence. Plaintiff's second objection is accordingly **OVERRULED** and the Court **ADOPTS** the recommendation of the PF&R as to this issue.

*C.     RFC Assessment*

Plaintiff objects to Magistrate Judge VanDervort's finding that the ALJ's determination of her RFC is supported by substantial evidence. More specifically, Plaintiff asserts that the ALJ wrongfully rendered his own "non-medical opinion" of Plaintiff's RFC, (Docket 32 at 20), wrongfully rejected the opinions of Plaintiff's treating physicians, and wrongfully relied on the opinions of non-treating government physicians who used "fill-in-the-blank" forms. Plaintiff further asserts that the magistrate judge improperly "render[ed] his own opinion of the quality of the

evidence," (Docket 32 at 25), and failed to reject the ALJ's RFC assessment prior to the date last insured. Again, the Court agrees with the magistrate judge's findings in the PF&R.

The Court first addresses Plaintiff's assertion that the ALJ "based his opinion that the claimant can perform light duty employment primarily on his own non-medical opinion[.]" (Docket 32 at 20.) This view, as noted by the magistrate judge, is clearly contradicted by the Social Security Regulations: "Although we consider opinions from medical sources on issues such as . . . your residual functional capacity[,] the final responsibility for deciding these issues is reserved to the [ALJ]." 20 C.F.R. § 404.1527(e)(2) (referring to DIB benefits); *see also* § 416.927(e)(2) (referring to SSI benefits). The Seventh Circuit has applied this standard in a case similar to this one where a claimant contested the ALJ's rendering of a medical opinion:

> [The claimant] claims that the ALJ erred in making the "medical judgment" of his RFC. According to [the claimant], the ALJ should have relied solely on the opinions of physicians. The determination of RFC, however, is an issue reserved to the [ALJ]. In determining what a claimant can do despite his limitations, the [ALJ] must consider the entire record, including all relevant medical and nonmedical evidence, such as a claimant's own statement of what he or she is able or unable to do. That is, the [ALJ] need not accept only physicians' opinions. In fact, if conflicting medical evidence is present, the [ALJ] has the responsibility of resolving the conflict.

*Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995) (citations omitted). Accordingly, Plaintiff's argument on this point is without merit.

Plaintiff next argues that the ALJ wrongfully rejected the opinions of her treating physicians and improperly credited the opinions of two state agency physicians. In his PF&R, Magistrate Judge VanDervort undertook a thorough examination of the record as it pertained to the opinion of each physician analyzed by the ALJ. (Docket 27 at 27-38.) In that filing, the magistrate judge found that the ALJ's decision to discredit the opinions of Maureen Miller, Dr. Shah, Dr. Thymius, Dr. Rogin, and Dr. Wirts was supported by substantial evidence.

11

Plaintiff contends that the ALJ "rejected Ms. Miller's RFC test results on the basis of the ALJ's opinion, as opposed to the [sic] Ms. Miller's opinion, that Ms. Miller's testing was invalid." (Docket 32 at 22.) Contrary to Plaintiff's contention, it is the express duty of the ALJ to determine how much weight to give Ms. Miller's opinion, *see, e.g.*, *Diaz*, 55 F.3d at 306 n.2, and the ALJ determined that, based on internal indicators of invalidity and symptom magnification, the opinion was not entitled to much weight. (Tr. at 33.) Upon review of the ALJ's decision, the Court agrees with the magistrate judge that the ALJ's decision is supported by substantial evidence. Likewise, Plaintiff states that the opinions of Dr. Thymius were "fully explained and supported." (Docket 32 at 23.) Although the opinions may have been fully explained, the ALJ rejected them because the treatment record contained no evidence of falls, acute distress, or untreated depression as Dr. Thymius had reported. (Tr. at 45.) Plaintiff points to no evidence to contradict the ALJ's finding on this issue. Accordingly, the Court agrees with the magistrate judge that the ALJ's rejection of Dr. Thymius's opinion is supported by substantial evidence.

Plaintiff also contests Magistrate Judge VanDervort's finding that the ALJ's rejection of Dr. Rogin's opinion was supported by substantial evidence "in spite of the medical evidence to the contrary." (Docket 32 at 24.) The ALJ discredited Dr. Rogin's opinion because her assessment was "not representative of [Plaintiff's] functioning throughout the relevant time period or predictive of her ongoing functioning," because she "is not a neurologist," and because "[t]he specific limitations . . . laid out . . . are not supported by th[e] record." (Tr. at 47.) Again, Plaintiff cites no evidence to contradict the ALJ's assessment and the Court accordingly agrees with the magistrate judge that the assessment is supported by substantial evidence.

12

Regarding Dr. Shah, the ALJ did not give any significant weight to his opinion in part because "he responded to leading questions, and he did not express much confidence in his own answers." (Tr. at 36.) The magistrate judge, noting similar findings in *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (discrediting a treating physician's opinion based on an uninformative response to a multiple-choice question and another conclusory statement), and *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) (discrediting a treating physician's opinion rendered via "a two-page form . . . that requires the physician only to check boxes and briefly to fill in blanks"), found that the ALJ's decision to discredit Dr. Shah was based on substantial evidence because the form is but two pages in length and does not provide an opportunity for Dr. Shah to explain his findings. Having reviewed the evidence cited by the magistrate judge and relied upon by the ALJ, the Court concurs with the finding of the magistrate judge that the ALJ's decision to discredit Plaintiff's treating physicians is supported by substantial evidence.

Plaintiff further posits that the magistrate judge's affirmation of the ALJ's decision to credit the opinions of Dr. Lambrechts and Dr. Cooke is "irrational and arbitrary" because those opinions were rendered using fill-in-the-blank forms similar to the one used by Dr. Shah. Upon examination of the forms in the record, however, it is clear that the form used by Dr. Shah is entirely different from the form used by Dr. Lambrechts and Dr. Cooke. The form completed by Dr. Shah is a two-page form consisting of eight questions. (Tr. at 611-12.) The answers to the five short-answer questions do not provide any type of explanation of Dr. Shah's evaluation; rather, the form expressly states that Dr. Shah "do[es] not do FCE, IME or disability evaluations." (*Id.* at 612.) The forms completed by Dr. Lambrechts, (*Id.* at 542-49), and Dr. Cooke, (*Id.* at 614-26), on the other hand, number eight and thirteen pages respectively, and include ample room for the physicians to explain

13

their findings. The forms thus provide far more information and opportunity for insight and evaluation than the form completed by Dr. Shah, and are clearly not similar to the forms that were disregarded in *Halloran*, 362 F.3d 28, and *Mason*, 994 F.2d 1058. Accordingly, as the magistrate judge correctly pointed out, the ALJ's decision to credit the opinions of Dr. Lambrechts and Dr. Cooke is supported by substantial evidence.

Plaintiff further takes issue with the magistrate judge's statement "that although the ALJ indicates that Dr. Wirts assessed [sic] degenerative joint disease was 'modest and generally not disabling to a younger person', that the evidence of record does not support Dr. Wirts' strict limitations, especially regarding the use of her hands and arms and in sitting." (Docket 32 at 25.) Plaintiff believes that in making this statement, "the U.S. Magistrate is exceeding his authority by rendering his own opinion of the quality of the evidence rather than determining the correctness of the ALJ's determination[.]" (*Id.*) In challenging the recommendation of the magistrate judge on this issue, Plaintiff fails to note that the role of the district court is expressly *not* to pass on the correctness of the ALJ's determination, but rather to assess whether that determination is supported by substantial evidence. *Cf. Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (It is not the "court's function to substitute its judgment for that of the [ALJ] if his decision is supported by substantial evidence.") It would be quite difficult indeed for a reviewing court to assess whether the ALJ's determination is supported by substantial evidence without undertaking its own independent evaluation of that evidence. In this case, Magistrate Judge VanDervort, based on his evaluation of the ALJ's decision and the record as a whole, agreed with the ALJ's determination that Dr. Wirts' opinion should be accorded no significant weight. (Docket 27 at 37-38.) The Court concurs with

Magistrate Judge VanDervort's assessment and **FINDS** that his evaluation properly considered the record as a whole in making that assessment.

Finally, Plaintiff states in her brief, "The U.S. Magistrate acknowledged that the Commissioner (ALJ) did not specifically address the claimant's pain and credibility assessment PRIOR to the claimant's date last insured. Having done so[,] the U.S. Magistrate was bound not to accept the ALJ's RFC assessment for [that period]. He did not." (Docket 32 at 27) (emphasis in original). Although Plaintiff fails to point to a specific portion of the PF&R where that acknowledgment and failure to reject may be found, a careful review of the PF&R reveals only one possible instance: "The Commissioner does not address specifically the ALJ's pain and credibility assessment prior to Claimant's date last insured." (Docket 27 at 20.) Clearly, the magistrate judge is referring here to Defendant's Brief in Support of Motion for Judgment on the Pleadings [Docket 26], and not to the ALJ's findings. Thus, Plaintiff misses the mark on this issue, and the magistrate judge is not bound to reject the ALJ's pain and credibility assessment in this instance.[6]

For the reasons stated above, the Court **FINDS** that the ALJ's RFC assessment is supported by substantial evidence. Plaintiff's third objection is accordingly **OVERRULED** and the Court **ADOPTS** the recommendation of the PF&R as to this issue.

D.  *Past Relevant Work*

Plaintiff's fourth objection is to the magistrate judge's finding that the ALJ's determination that Plaintiff can perform her past relevant work is supported by substantial evidence. Plaintiff asserts that the ALJ did not undertake a function-by-function analysis of her past relevant work and

---

[6] In addition, even if she was correct that the ALJ, rather than Defendant, failed to address Plaintiff's pain and credibility assessment prior to the date last insured, Plaintiff cites no law in support of her contention on this issue. Accordingly, her argument is without merit.

that the ALJ did not properly pose a hypothetical question to the vocational expert as required by the Social Security Regulations. First, regarding the function-by-function analysis, the magistrate judge correctly noted that the ALJ properly undertook such an analysis on page 50 of the transcript. (Docket 27 at 41-42; Tr. at 50.) Accordingly, Plaintiff's contention on that point is without merit.

Regarding the hypothetical question, Plaintiff states, "The U.S. Magistrate found, contrary to the claimant's argument, that the ALJ was not required to include in his hypothetical question . . . the limitations . . . found by Ms. Miller and Drs. Shah, Thymius, Rogin and Wirts . . . ." The law on this issue, as set forth by the magistrate, is clear: "An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001). Plaintiff cites no law to the contrary; rather, she baldly asserts that the ALJ's rejection of those opinions was clear error and therefore that the ALJ was required to include those opinions in the hypothetical question. As noted above, however, the ALJ's rejection of those opinions was supported by substantial evidence. Thus, because the ALJ did not find the opinions of those physicians listed above to be credible, he was required by law not to include the limitations listed by them in the hypothetical question.

Accordingly, for the reasons stated above, the Court **FINDS** that the ALJ's determination of Plaintiff's past relevant work is supported by substantial evidence. Plaintiff's fourth objection is accordingly **OVERRULED** and the Court **ADOPTS** the recommendation of the PF&R as to this issue.

*IV. CONCLUSION*

Therefore, Defendant's Motion for Leave to File a Surresponse [Docket 36], Plaintiff's Motion for Leave to File a Surreply [Docket 37], and Defendant's Motion to Close the Pleadings [Docket 38] are **GRANTED**, and, for the reasons stated above, the Court **ADOPTS** the findings and recommendation contained in the PF&R [Docket 27], **DENIES** Plaintiff's Motion for Judgment on the Pleadings [Docket 18], **GRANTS** Defendant's Motion for Judgment on the Pleadings [Docket 26], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the Court's docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

ENTER: September 18, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE